UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANDREW BARRETT,

                          Plaintiff,

              v.                                      9:23-CV-113
                                                              (DNH/DJS)

D. BALLARD, *et al.*,

                          Defendants.

---

**APPEARANCES:**                                    **OF COUNSEL:**

ANDREW BARRETT
Plaintiff, *pro se*
14-A-2666
Sullivan Correctional Facility
Box 116
Fallsburg, New York 12733

HON. LETITIA JAMES                           ALEXANDRA GALUS, ESQ.
New York State Attorney General
Counsel for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

# REPORT-RECOMMENDATION and ORDER[1]

      Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights while he was in the custody of the Department of

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Corrections and Community Supervision ("DOCCS"). Dkt. No. 1, Compl. Specifically, "the complaint asserts Eighth Amendment excessive force and failure-to-intervene claims against defendants." Dkt. No. 7 at p. 6. Defendants move for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56(a), seeking to dismiss the Complaint based on Plaintiff's failure to properly exhaust his administrative remedies. Dkt. No. 33. The deadline for Plaintiff to respond to the Motion was originally set for July 16, 2024. Dkt. No. 34. That notice was returned as undeliverable, Dkt. No. 35, and Defendants re-served the motion papers upon Plaintiff at his present place of incarceration. Dkt. No. 38. To date, despite being provided a *sua sponte* extension from this Court for doing so, Dkt. No. 37, Plaintiff has not filed any opposition to the Motion.

For the reasons that follow, the Court recommends that the Motion for Summary Judgment be **GRANTED**.

## I. BACKGROUND

On December 16, 2022, Plaintiff was incarcerated at Great Meadow Correctional Facility. Dkt. No. 33-2, Cutler Decl., ¶ 16. He alleges that on that date Defendants physically assaulted him. Compl. Plaintiff testified at his deposition that he filed a grievance regarding this alleged assault. Dkt. No. 33-5, Pl.'s Dep., pp. 42-43. DOCCS has no record of a grievance being filed at Great Meadow regarding a December 2022 involving Plaintiff and Defendants. Cutler Decl. at ¶ 19. Those records also indicate

2

no appeal of any grievance concerning this claim. *Id.* Plaintiff was incarcerated at Marcy Correctional Facility for a period of time in January through March 2023, and there is no record of any grievance regarding the alleged December assault having been filed in that facility. Dkt. No. 33-3, Pfendler Decl., ¶¶ 16 & 19. Nor is there any record that DOCCS' Central Office Review Committee received an appeal regarding a grievance involving this incident. Dkt. No. 33-4, Seguin Decl., ¶¶ 12-13.

## II. SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving

3

party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a

4

rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

For the reasons which follow, the Court recommends that summary judgment is appropriate based on Plaintiff's failure to properly exhaust his administrative remedies.

### A. Exhaustion Procedure

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).  Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Id.* at 524; *see also Ross v. Blake*, 578 U.S. 632, 638 (2016) (stating that the mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement).  Furthermore, § 1997e(a) requires "proper exhaustion," which means using all steps of the administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*,

5

548 U.S. 81, 93 (2006). The defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. *Howard v. Goord*, 1999 WL 1288679, at \*3 (E.D.N.Y. Dec. 28, 1999).

In New York, the administrative remedies consist of a three-step Incarcerated Grievance Program ("IGP"). First, a grievance is submitted to the Incarcerated Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). An inmate must submit a grievance "within 21 calendar days of an alleged occurrence." *Id.* at § 701.5(a)(1). An inmate may request an extension of the time limit within forty-five days of the date of the alleged occurrence. *Id.* at § 701.6(g). The IGRC reviews and investigates the formal complaint and then issues a written determination. *Id.* at § 701.5(b). Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRC's determination and issues a decision. *Id.* at § 701.5(c). Finally, upon appeal of the superintendent's decision, the Central Office Review Committee ("CORC") makes the final administrative determination. *Id.* at § 701.5(d). Only upon exhaustion of all three levels of review may a prisoner seek relief in federal court. *Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing, *inter alia*,

*Porter v. Nussle*, 534 U.S. at 524); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

An expedited procedure exists for grievances regarding alleged harassment; this procedure also requires that the grievant receive a response from CORC in order to exhaust. 7 N.Y.C.R.R. § 701.8. Pursuant to this expedited procedure, the inmate may first report the incident to the employee's immediate supervisor. *Id.* at § 701.8(a). The inmate's allegations are given a grievance number and the Superintendent (or his designee) must promptly decide whether the grievance, if true, would represent a bona fide case of harassment. *Id.* at §§ 701.8(b) & (c). If it is determined that the grievance is a bona fide harassment issue, the Superintendent must initiate an investigation or request an investigation be undertaken by the Inspector General's Office or the New York State Police. *Id.* at § 701.8(d). The Superintendent is to render a decision on the grievance within 25 days of receipt unless an extension is granted. *Id.* at § 701.8(f). If the Superintendent fails to respond within 25 days, the grievant may appeal the grievance to CORC "by filing a notice of decision to appeal (form #2133) with the inmate grievance clerk." *Id.* at § 701.8(g). The grievant may appeal the Superintendent's response to CORC by filing a notice of decision to appeal within seven days of receipt of the Superintendent's response. *Id.* at §§ 701.8(h). "Unless otherwise

stipulated . . . all procedures, rights, and duties pertaining to the processing of any other grievance as set forth in section 701.5 of this Part shall be followed." *Id.* at § 701.8(i).

### B. The Record Regarding Exhaustion

While DOCCS' departmental records show no indication that Plaintiff filed a grievance regarding the alleged December 2022 assault, Cutler Decl. at ¶ 19; Pfendler Decl. at ¶ 19, he specifically testified at his deposition that he did file a grievance. Pl.'s Dep. at pp. 42-43. The Court views disputes of fact in the light most favorable to the non-movant. *See Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021). The Court, therefore, assumes for purposes of this Motion that a grievance was filed.

As noted above, however, the grievance process within DOCCS is multi-layered. "Complete exhaustion of the above administrative remedies through the highest level for each claim is required." *Veloz v. New York*, 339 F. Supp. 2d 505, 514 (S.D.N.Y. 2004), *aff'd*, 178 F. App'x 39 (2d Cir. 2006). Plaintiff testified that he received an initial response to his grievance, Pl.'s Dep. at p. 47, that the matter was being investigated. *Id.* at p. 48. There is nothing in the record to suggest that Plaintiff received a favorable resolution of his grievance. And Plaintiff testified that his only response to the purported notice from the IGRC was that he photocopied it, sent it home, and then filed this lawsuit. *Id.* He testified that he received the IGRC response "maybe two, three weeks after I filed the grievance." *Id.* at p. 47. The Complaint in the action is dated December

8

26, 2022, just four days after the alleged assault. Compl. at p. 7. It was mailed on January 13, 2023. *Id.* at p. 9. That was just over three weeks after the alleged incident. Plaintiff does not claim to have received a final determination from the IGRC or that he ever filed any appeals. *See generally* Pl.'s Dep.; Seguin Decl. at ¶ 13. The record, therefore, establishes that, even accepting as true Plaintiff's claim to have filed a grievance, he did not fully exhaust the grievance process prior to commencing this action.

"A plaintiff must exhaust his administrative remedies *before* filing his initial complaint in federal court." *Lopez v. Cipolini*, 136 F. Supp. 3d 570, 582 (S.D.N.Y. 2015) (emphasis added); *see also Bowie v. Woodruff*, 2019 WL 7606078, at *5 (N.D.N.Y. Sept. 20, 2019), *report and recommendation adopted*, 2019 WL 5445519 (N.D.N.Y. Oct. 23, 2019). "When a prisoner does not properly exhaust his administrative remedies before filing suit, the action must be dismissed." *Mateo v. Alexander*, 2010 WL 431718, at *3 (S.D.N.Y. Feb. 9, 2010). "[W]here a plaintiff's grievance has not been appealed to and decided by the highest body in the administrative process, the plaintiff cannot be said to have exhausted his administrative remedies and his claims are thus properly dismissed by a court." *Jones v. Allen*, 2010 WL 3260081, at *2 (S.D.N.Y. Aug. 9, 2010). Plaintiff clearly commenced this action prior to fully exhausting the DOCCS administrative process.

### 3. Whether Plaintiff's Failure to Exhaust Administrative Remedies May be Excused

A prisoner's failure to exhaust administrative remedies may nonetheless be excused if remedies were unavailable to the inmate. *Ross v. Blake*, 578 U.S. at 642. As the Supreme Court stated in *Ross*, "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Id.* The Court provided three potential circumstances in which administrative remedies may be unavailable: (1) where the administrative procedure technically exists but operates as a "dead end - with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and (3) where prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643-44. Plaintiff bears the burden of establishing that the grievance procedures were unavailable within the meaning of *Ross*. *Martin v. Wyckoff*, 2018 WL 7356771, at *5 (N.D.N.Y. Oct. 16, 2018), *report and recommendation adopted*, 2019 WL 689081 (N.D.N.Y. Feb. 19, 2019).

Plaintiff makes no argument that the grievance process was unavailable to him and cannot carry that burden especially since he claims that he did, in fact pursue, at least at the outset, to resolve this issue through the grievance process. *See White v.*

*Williams*, 2016 WL 4006461, at *5 (N.D.N.Y. June 22, 2016), *report and recommendation adopted*, 2016 WL 4005849 (N.D.N.Y. July 25, 2016). Plaintiff certainly cannot claim that the grievance process was a dead end since he has previously utilized the grievance process multiple times. *See* Seguin Decl., Ex. A. "This shows that Plaintiff did not view the filing of grievances as a dead end." *Walker v. Ball*, 2018 WL 1415212, at *5 (N.D.N.Y. Feb. 16, 2018), *report and recommendation adopted*, 2018 WL 1406632 (N.D.N.Y. Mar. 20, 2018). Nothing in the Complaint suggests that anyone thwarted Plaintiff's ability to fully exhaust the grievance process. That leaves only the question of whether the grievance process was "so opaque" as to make it unavailable to Plaintiff. *Ross v. Blake*, 578 U.S. at 643. Here, that is not the case given Plaintiff's prior successful navigation of the grievance process. Seguin Decl., Ex. A.

For these reasons, the Court recommends that the Motion for Summary Judgment be granted based on Plaintiff's failure to exhaust his administrative remedies.

### IV. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the Motion for Summary Judgment (Dkt. No. 33) be **GRANTED**; and it is further

**RECOMMENDED**, that the Complaint be **DISMISSED**; and it is

11

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  October 3, 2024
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).