UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW BARRETT,

        Plaintiff,

        -v-                    9:23-CV-113

D. BALLARD, T. TROMBLEY,
and DANIEL SCHOEN,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                      OF COUNSEL:

ANDREW BARRETT
Plaintiff, Pro Se
14-A-2666
Sullivan Correctional Facility
Box 116
Fallsburg, NY 12733

HON. LETITIA JAMES            ALEXANDRA L. GALUS, ESQ.
New York State Attorney General   Ass't Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On January 27, 2023, *pro se* plaintiff Andrew Barrett ("plaintiff") filed this 42 U.S.C. § 1983 action alleging that defendants violated his rights while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Great Meadow Correctional Facility ("Great Meadow") in Comstock, New York.  Dkt. No. 1.  Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application").  Dkt. Nos. 4, 5.

On March 9, 2023, after initial review, this Court conditionally granted plaintiff's IFP Application and directed defendants to answer plaintiff's complaint to the extent it asserted Eighth Amendment claims for money damages against Ballard, Trombley, and Schoen.  Dkt. No. 7.  Thereafter, defendants answered, Dkt. No. 13, and the parties conducted some discovery.

On June 25, 2024, defendants moved for summary judgment on plaintiff's complaint on the ground that plaintiff had failed to exhaust his available administrative remedies.  Dkt. No. 33.  Although the Court mailed notices to plaintiff of his obligation to respond or oppose, Dkt. Nos. 34, 36, he did not do so, and mail to him was previously returned as undeliverable, Dkt. No. 35.

On October 4, 2024, U.S. Magistrate Judge Daniel J. Stewart advised by Report & Recommendation ("R&R") that defendants' motion be granted and plaintiff's complaint be dismissed.  Dkt. No. 40.  As Judge Stewart explained,

even crediting plaintiff's testimony that he filed an initial grievance (which is not reflected in DOCCS records), nowhere has plaintiff testified or otherwise asserted that he completed the multi-layered grievance process; *e.g.*, that he ever received a final determination or ever filed any appeals. Thus, accepted as true, the record does not establish that plaintiff exhausted.

Neither party has filed objections, and the time period in which to do so expired on October 18, 2024, nearly two weeks ago. Dkt. No. 40. Thus, upon review for plain error, the R&R is accepted and will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 40) is ACCEPTED;

2. Defendants' motion for summary judgment (Dkt. No. 33) is GRANTED; and

3. Plaintiff's complaint (Dkt. No. 1) is DISMISSED.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated: October 30, 2024
    Utica, New York.

David N. Hurd
U.S. District Judge